## CHALKER *et al.* *v.* USRY.

Where a homestead was duly set apart to one who was the head of a family, and subsequently an order for the sale of the homestead property and the reinvestment of the proceeds thereof in a particular tract of land was duly obtained, and the proceeds of the sale were used by the head of the family, who was designated as trustee to make the sale and reinvestment, as a partial payment upon the tract of land which was to be purchased, the vendor taking the promissory note of the head of

43

the family for the amount of the unpaid purchase-money and giving his bond conditioned to convey title upon the payment of the note; and where the purchaser, the head of the family, failed to pay the note at maturity and the same was sued upon to judgment, and the fi..fa. based on such judgment was levied after the escrow deed contemplated by the statute .was duly executed and filed by the vendor, and the land was duly sold under such levy, the head of the family was not entitled to recover the land in an equitable petition brought for the recovery of the same.

SEPTEMBER 27, 1912.

Equitable petition.   Before Judge Meadow.   Glascock superior court.   May 10, 1911.

Samuel H. Usry filed an equitable petition in which he set out: that some years prior to the year 1896 a certain tract of land which he owned was set apart as a homestead for the benefit of his wife and minor children; that in August, 1896, on application therefor, the judge of the superior court of Glascock county granted an order permitting the sale of said homestead property for the purpose of reinvesting the proceeds thereof in a designated tract of land, and petitioner was appointed trustee to make such sale and to reinvest the proceeds as contemplated; that in pursuance of said order the homestead property was sold and the proceeds were reinvested in the land designated in the order to be purchased, but these proceeds were not sufficient, by about $166, to pay for the new tract of land, which was purchased from Eli Harris; that petitioner took from Harris a bond for title and gave his promissory note for $166, the balance of the purchase-price for the land; that he and his family went into possession of this new tract of land in 1896, where they continued to reside until the year 1900, when petitioner was convicted of the offense of murder, and was sentenced to imprisonment in the penitentiary of the State, where he was confined until the year 1908; that in 1902, Harris having died, his executor sued to judgment the promissory note of petitioner above referred to; that a fi. fa. was issued and levied upon the land purchased from Harris, and the same was sold by the sheriff to J. W. Whiteley, who received a deed from the sheriff and evicted petitioner's tenants; that the judgment on the promissory note was void; that the sheriff's sale, and consequently the sheriff's deed, was null and void, because based on a fi. fa. which was invalid, being founded on a void judgment; that the land being encumbered with a homestead and being homestead land, the sheriff was without authority

to sell it. Whiteley has sold or in some way let said land to Augustus Chalker, who is in possession of the same. It was prayed: that Whiteley be required to produce in court the sheriff's deed to himself, and that it be canceled as a cloud upon petitioner's title; that the same be ordered as to all papers which Chalker took from Whiteley; that Chalker be required to surrender possession of the land to petitioner; and that petitioner have judgment against Chalker for a named amount for rent and use of the land, and have such other and further relief as the case demands.

- The case was tried upon an agreed statement of facts, in substance as follows, so far as material: The homestead was lawfully set apart to S. H. Usry, as set out in the petition. The home-stead land was lawfully sold under an order obtained by E. B. Rogers, attorney for the homestead. All of the money realized from the sale was paid to Eli E. Harris (who knew the facts) on account of the purchase-money of the land involved in this suit, and a bond for title was given to Usry individually, he giving his note for the balance of the purchase-money. In this transaction E. B. Rogers represented Usry. Harris died, and his executor obtained a lawful judgment against Usry on said note for the balance of the purchase-money represented by said note. The land was properly reconveyed to Usry for the purpose of levy, and was sold according to law to J. W. Whiteley. Rogers represented the executor of Harris in obtaining the judgment, and he submitted the bid for Whiteley, who was not present, according to Whiteley's directions. The land was sold for $705. Of this amount about $225 was paid in settlement of the judgment, and the balance was paid by Whiteley to Mrs. S. H. Usry, S. H. Usry then being in the penitentiary. Chalker holds the land under a bond for title from Whiteley, and has made valuable improvements thereon. Chalker had heard, prior to his purchase, that the land was claimed by Usry as homestead land. The beneficiaries of the homestead, including the wife of Usry, are still in life.

The court decreed: that the sheriff's sale of the land was illegal and void; that the sheriff's deed be surrendered and canceled; and that the plaintiff recover the land, subject to the homestead estate. Chalker and Whiteley excepted.

*William H. Barrett* and *E. B. Rogers,* for plaintiffs in error.
*John T. West,* contra.

BECK, J. (After stating the facts.) Treating this as an action for the recovery of land by the plaintiff as the head of a family, and not as an action for the recovery of land by the plaintiff individually, we. are of the opinion that the plaintiff could not recover the land. The homestead property referred to in the petition had been properly sold; an order had been granted by the judge of the superior court for the reinvestment of the funds arising from the sale of homestead property in a certain designated and described tract of land; the plaintiff invested the proceeds of the sale of the homestead property in the land contemplated and designated as the property to be purchased in the order for the sale of the homestead. But with the proceeds of the sale of the homestead property only a partial payment of the purchase-price of the acquired property could be made, and the vendor of the property sought to be acquired in the purchase made to the vendee, the plaintiff in this case, a bond for title and took for the unpaid balance of the purchase-money the promissory note of the vendee. The vendee could take, by virtue of the transaction between himself and the vendor of this land, only that interest in the land which was contemplated in the trade between them and which was embodied in the written instrument executed by the vendor, the bond for title. The vendee acquired only an equity, a right to have the title vested in him by a written instrument upon his compliance with the condition in the bond for title. He did not as an individual or as a trustee acquire a title which could be the basis of an action for the recovery of land. The vendor, who took a promissory note for the unpaid part of the purchase-money, had the right, under our statute, to sue on the note to judgment; and it is admitted in the agreed statement of facts that there was a lawful judgment rendered on the note; and he had the right to enforce that judgment by levy and sale, after executing to the vendee the escrow deed provided by the statute, which put title in the vendee for the sole purpose of effecting the transmission of title by the judicial sale. The judgment rendered by the court was unauthorized by the evidence; this being an equitable suit for the recovery of land, and not a proceeding instituted to trace and recover trust funds which had been diverted or misapplied.

*Judgment reversed. All the Justices concur.*